IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| Luz Denise Negron-Bennett, *et al.*, | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| v. | ) | 1:13cv387 (JCC/JFA) |
| Jason Lee McCandless, *et al.*, | ) | |
| Defendants. | ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court upon two Motions to Dismiss (collectively, the "Motions to Dismiss") Plaintiffs' *pro se* Complaint.  For the following reasons, the Court will order Plaintiffs to file a particularized amended complaint.

**I. Background**

**1. Factual Background**

Plaintiffs' Complaint arises out of interactions with various Arlington County and Commonwealth employees.  Plaintiffs complain of a protracted period of injustice, allegedly orchestrated by Defendants, spanning a period in excess of a year.  The Complaint alleges that during this period, Defendants, both individually and as a collective, conspired and endeavored to wrong Plaintiffs and their children in various ways. As best as this Court can tell, the period about which Plaintiffs complain began on March 22, 2011, when Plaintiff Luz

1

Denise Negron-Bennett ("Mrs. Bennett") called the Arlington County Police Department from the Bennett family's residence because her husband, Plaintiff Salim Bennett, had struck two of their children with a belt. (Compl. ¶ 51.) Mr. Bennett left the scene with the children prior to the arrival of the police, and the children were not present upon law enforcement's arrival at the residence. (*Id.*)  Mr. Bennett was arrested the next day in connection with the incident. (*Id.* at ¶ 54.)

Thus began Plaintiffs' numerous interactions with the Arlington County Police Department, Department of Human Services ("DHS"), and Child Protective Services ("CPS"). Abuse and neglect proceedings were initiated following Mr. Bennett's arrest, marking the beginning of proceedings that would involve multiple hearings and the provision of services to Plaintiffs and their children.[1] (*Id.* at ¶ 54-69; 71; 87.) On April 28, 2011, Mr. Bennett entered an *Alford* plea of guilty to two charges of assault and battery in Arlington County Juvenile and Domestic Relations Court. The children were removed from Mr. Bennett's custody at some point after he pled guilty. *See Bennett v. MacIsaac*, 1:11CV920 JCC/JFA, 2011 WL 5357840 (E.D. Va. Nov. 7, 2011). Plaintiffs' Complaint presents a prolix, confusing narrative of the events that took place thereafter,

---

[1] Although the Complaint regularly refers to hearings and events that took place in "court," context that would enable this Court to discern the purpose or nature of a given proceeding is often lacking.

detailing legal processes involving various governmental divisions and employees.[2]

The Complaint enumerates nine causes of action, all of which have been brought against all of the approximately fifty Defendants: (1) violation of Fifth Amendment right to due process (Count I); (2) violation of Fourteenth Amendment right to familial association (Count II); (3) violation of Second Amendment right to bear arms (Count III); (4) violation of Va. Code Ann. § 16.1-251(c) and 42 U.S.C. § 671(a)(19) and (29) (Count IV); (5) violation of 42 U.S.C. § 671(a)(22) (Count V); (6) violation of Eighth Amendment freedom from cruel and unusual punishment (Count VI); (7) violation of Sixth Amendment right to confront witnesses (Count VII); (8) violation of Fourth Amendment freedom from unreasonable search and seizure (Count VIII); and (9) violation of "other Virginia statutes" (Count IX). In addition, the "LEGAL CLAIMS" section following Count IX alleges various other transgressions on the part of Defendants, couched in quasi-legal language, including "negligence and gross negligence," "abuse of process," "intentional infliction of emotional distress," "negligent infliction of emotional distress," and "negligent hiring, training, supervision and

---

[2] Although presented as a sequential narrative, Plaintiffs' confusing factual summary is disjointed and often employs undated references to past and future events. Furthermore, the Complaint starts referring to the years 2011 and 2012 interchangeably beginning on page 32, adding yet another layer of confusion.

retention." It is unclear whether the aforementioned allegations are themselves intended to constitute additional causes of action.

## 2. **Procedural Background**

Plaintiffs' Complaint was filed on March 25, 2013. Two separate motions to dismiss the Complaint have been filed on behalf of various Defendants. On May 28, 2013, a Motion to Dismiss and *Roseboro* Notice [Dkt. 12] ("Arlington Motion to Dismiss"), as well as a Memorandum in Support [Dkt. 13] of the same, were filed by Defendants Arlington County Department of Human Services, Arlington County Government, Arlington County Office of the County Attorney, Arlington County Police Department, Brynn Bennett, Sherri Brothers, Susanne Eisner, Tammee Alsup Gaymon, Joanne Hamilton, Stephen MacIsaac, Renee Andrea Perrier, M. Douglas Scott, Daniel Smaldore, Jeremy Stritzinger, Ara Tramblian, and Jaque L. Tuck.[3] On the same day, Defendants Frank Frio, Molly Hutzell Newton, Theophani Stamos, and Richard Trodden ("Commonwealth Attorney Defendants") filed a Motion to Dismiss the Complaint [Dkt. 15] ("Attorney Motion to Dismiss"), as well as a Brief in Support [Dkt. 14].[4] On June 17,

---

[3] The Court will refer to the motion to dismiss entitled "Motion to Dismiss and *Roseboro* Notice" as the "Arlington Motion to Dismiss" simply for the sake of brevity and convenience. The Court is not making a definitive finding or statement as to the respective associations of the individual Defendants with Arlington County.

[4] The Court will hereafter refer to Defendants Frank Frio, Molly Hutzell Newton, Theophani Stamos, and Richard Trodden collectively as the "Commonwealth Attorney Defendants," as the aforementioned Defendants

4

2013, Plaintiffs filed a Reply in Opposition [Dkt. 39] to the Arlington Motion to Dismiss.  Plaintiffs also filed a Reply in Opposition [Dkt. 40] to the Attorney Motion to Dismiss.  On the same day, Plaintiff Salim Bennett ("Mr. Bennett") filed an Affidavit and numerous exhibits in support of the Complaint. [Dkt. 41.]  On June 24, 2013, a Rebuttal Brief was filed in support of the Arlington Motion to Dismiss.  [Dkt. 44.]  On the same day, a Rebuttal Brief was filed in support of the Attorney Motion to Dismiss.  [Dkt. 45.]

## II. Standard of Review

### 1. *Pro Se* Plaintiffs

The Court construes the *pro se* Complaint in this case more liberally than those drafted by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Further, the Court is aware that "[h]owever inartfully pleaded by a *pro se* plaintiff, allegations are sufficient to call for an opportunity to offer supporting evidence unless it is beyond doubt that the plaintiff can prove no set of facts entitling him to relief."  *Thompson v. Echols*, No. 99-6304, 1999 U.S. App. LEXIS 22373, 1999 WL 717280, at *1 (4th Cir. 1999) (citing *Cruz v. Beto*, 405 U.S. 319 (1972)).  Nevertheless, while *pro se* litigants cannot "be

---

ostensibly serve or previously served as Commonwealth Attorneys during the time period germane to Plaintiffs' Complaint.  As the Commonwealth Attorney Defendants have jointly filed a Motion to Dismiss, the Court will therefore refer to that Motion as the "Commonwealth Attorney Motion to Dismiss" in order to distinguish it from the Arlington Motion to Dismiss.

5

expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985). Thus, even in cases involving *pro se* litigants, as in here, the Court "cannot be expected to construct full blown claims from sentence fragments." *Id*. at 1278. Further, the Court may not construct a plaintiff's legal arguments for him. *See*, *e.g.*, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993).

### 2. Federal Rule of Civil Procedure 8

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). Federal Rule of Civil Procedure 8(d)(1) further requires that each averment "be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Courts must liberally construe *pro se* civil rights complaints in order to address constitutional deprivations. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (quoting *Canty v. Richmond, Virginia Police Dep't*, 383 F. Supp. 1396, 1399 (E.D. Va. 1974)). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Even *pro se* plaintiffs must recognize Rule 8's vision for "a system of

simplified pleadings that give notice of the general claim asserted, allow for the preparation of a basic defense, narrow the issues to be litigated, and provide a means for quick dispositions of sham claims." *Prezzi v. Berzak*, 57 F.R.D. 149, 151 (S.D.N.Y. 1972); *see also Peck v. Merletti*, 64 F. Supp. 2d 599, 602 (E.D. Va. 1999); *Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999). While Rule 8 does not require "detailed factual allegations," a plaintiff must still provide "more than labels and conclusions" because "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (citation omitted). Statements which are unnecessarily prolix place "'an unjustified burden on the court and the party who must respond to [them] because they are forced to select the relevant material from a mass of verbiage.'" *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (quoting 5 Charles Wright & Arthur Miller, Federal Practice and Procedure § 1281 at 365 (1969)); *see also North Carolina v. McGuirt*, 114 F. App'x 555, 558-59 (4th Cir. 2004) *available at* 2004 WL 2603703, at *2-3.

### 3. Joinder

The Federal Rules of Civil Procedure place limits on a plaintiff's ability to join multiple defendants in a single pleading. *See* Fed. R. Civ. P. 20(a). The Federal Rules permit more than one claim against a single defendant to be joined in

7

the same action. *See* Fed. R. Civ. P. 18(a). However, claims against different defendants may be joined in the same if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "The 'transaction or occurrence test' of the rule . . . 'permit[s] all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary.'" *Saval v. BL Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983) (quoting *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)). "But, Rule 20 does not authorize a plaintiff to add claims 'against different parties [that] present[ ] entirely different factual and legal issues.'" *Sykes v. Bayer Pharms. Corp.*, 548 F. Supp. 2d 208, 218 (E.D. Va. 2008) (alterations in original) (quoting *Lovelace v. Lee*, No. 7:03cv00395, 2007 U.S. Dist. LEXIS 77890, 2007 WL 3069660, *1 (W.D. Va. Oct. 21, 2007)). "And, a court may 'deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of [promoting convenience and expediting the resolution of disputes], but will result in prejudice, expense, or delay.'" *Id* (quoting *Aleman v.*

*Chugach Support Servs., Inc.*, 485 F.3d 206, 218 n. 5 (4th Cir. 2007)).

### 4. Federal Rule of Civil Procedure 41

Under Rule 41 of the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order," the court may enter an order of involuntary dismissal. Fed. R. Civ. P. 41(b). *Pro se* litigants are subject to the provisions of Rule 41. In assessing whether dismissal is appropriate under Rule 41(b), a court evaluates (1) the degree of the plaintiff's personal responsibility for the failures; (2) the prejudice caused to the defendant; (3) whether the plaintiff has a history of deliberately proceeding in a dilatory fashion; and (4) the availability of a less drastic sanction. *See, e.g., Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (per curiam).

### 5. Motion to Dismiss under Rule 12(b)(6)

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

9

alleged." *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, *id.*, and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. Moreover, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678.

### III. Analysis

Although the Court has endeavored to disentangle the Complaint's pertinent allegations from the accompanying mass of discursive prolixity, its numerous and flagrant pleading deficiencies have complicated the Court's efforts to an excessive degree. Plaintiffs' Complaint represents a disorienting mix of allegations with relevant facts, irrelevant facts, disjointed narrative, conclusory accusations, and legal argument written in a highly confusing manner.

Here, Plaintiffs' Complaint qualifies as neither "short" nor "plain," as required by Rule 8 of the Federal Rules of Civil Procedure, but is at the same time deficient as to required factual allegations. The Complaint names approximately fifty Defendants, and all Defendants are charged in each count. Individual Defendants are charged both in their personal and official capacities. As to the form of the Complaint, the

document itself consists of forty-five single-spaced pages. It has been loosely divided into seven sections, and further subdivided into numbered paragraphs, though the Complaint does not utilize this organizational structure for internal cross-references or citations. Much of the Complaint consists of discursive, confusing narrative interspersed with various accusations of collective and individual wrongdoing by Defendants. Each count incorporates by reference the all of the Complaint's preceding allegations, which comprise at least 170 numbered paragraphs.[5] The result is that the Complaint is replete with factual allegations that could not possibly be material to each specific count, and that any allegations that are material are buried beneath numerous pages of rambling irrelevancies. Such pleading requires the Court to cross-reference constantly the factual narrative section and "wade indeterminately through the morass of superfluous detail." *See McGuirt*, 114 F. App'x at 558-559. It is essentially impossible to separate the legally significant from the legally insignificant facts in this factual background and then to match them with claims purportedly made in the Complaint. *Id*. Indeed, the Complaint is a classic example of "shotgun pleading"

---

[5] This figure represents a minimum number of paragraphs, as each subsequent count continues to incorporate preceding allegations. Furthermore, Plaintiffs seemingly would like the Court to consider the allegations and representations made in the "LEGAL CLAIMS" section beginning at paragraph 207 and terminating at paragraph 231.

in that it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.  *See Anderson v. Dist. Bd. of Trustees of Cent. Florida Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996); *see also Jackson v. Olsen*, CIV.A. 3:09CV43, 2010 WL 724023 (E.D. Va. 2010) (unpublished).  Plaintiffs' Complaint is in no sense the "short and plain statement of the claim" required by Rule 8 of the Federal Rules of Civil Procedure, and disregards Rule 10(b)'s requirement that discrete claims should be plead in separate counts.  *See Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (affirming the district court's dismissal of a complaint that incorporated by reference 146 numbered paragraphs of factual allegations into each claim, incorporated the allegations of each preceding claim, entailed numerous immaterial and rambling factual allegations, and charged "all defendants" in each count); *see also Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) (affirming the district court's third dismissal of plaintiff's complaint for failure to comply with Rule 8); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (affirming the district court's dismissal of plaintiff's complaint for failure to comply with Rule 8).

   The Court's analysis has been complicated further by the Affidavit that has been filed by Mr. Bennett.  The Affidavit is similar to the Complaint in that it presents a confusing

combination of rambling narrative and conclusory accusations. Although Mr. Bennett's Affidavit introduced various exhibits and contemporaneous documentation for the Court's consideration, it did so by filing in excess of one hundred pages of documents with only minimal accompanying explanation as to each exhibit's significance.[6] Furthermore, Plaintiffs have made no effort to synthesize the exhibits with the Complaint or with Mr. Bennett's Affidavit. This pervasive lack of descriptive and contextual clarity has presented a significant hindrance to the Court's ability to conduct proper evaluation of the associated documents in concert with the Complaint.

There are also significant deficiencies that obfuscate the Complaint's purported causes of action. The introduction of Plaintiffs' Complaint passingly mentions that they are bringing suit pursuant to "42 U.S.C. §[§] 1983, 1985, and 1986" for violations of the "First, Fourth, Fifth, Sixth, Eight[h], and Fourteenth Amendments" and "42 U.S.C. §[§] 671(a)(19), (22), and (29)." (Compl. ¶ 1.) The claims listed in the Complaints "CAUSES OF ACTION" section, however, baldly allege violations of various state statutes, federal statutes, and Constitutional Amendments. It is unclear of precise the manner in which Plaintiffs wish to link the Complaint's profuse allegations to causes of action under 42 U.S.C. §§ 1983, 1985, and 1986, as

---

[6] The Court notes that the Complaint was filed without exhibits or contemporaneous documentation supporting its claims.

13

Plaintiffs have made little effort to plead their claims in a succinct or coherent fashion.  None of the counts alleging Constitutional violations so much as mention §§ 1983, 1985, and 1986, let alone adhere to the traditional forms of pleading causes of action under each.  Although the Complaint passingly touches upon how Plaintiffs intend to proceed under each statutory section in the "LEGAL CLAIMS" section, that brief discussion offers only conclusory assurances that all Defendants are liable under each of §§ 1983, 1985, and 1986.[7]  (*Id*. at ¶ 207.)

In short, the Court is simply unable to divine the manner in which Plaintiffs would reconcile the numerous allegations of the Complaint with causes of action against Defendants under §§ 1983, 1985, and 1986, or any of the other statutory sections.[8]  The Court simply will not make Plaintiffs' arguments for them.[9]

Compounding the Complaint's problems, Plaintiffs have alleged every cause of action against all of the approximately fifty Defendants, some of which have yet to even be identified,

---

[7] The Court also notes that the "LEGAL CLAIMS" section actually follows the enumeration of the Complaint's causes of action, and the purpose of the section is not entirely clear.

[8] The Court notes that this problem has been exacerbated significantly by Plaintiffs having charged every defendant, both in their individual and official capacities, under each claim.

[9] The Court also notes that "[i]n giving liberal interpretation to a *pro se* civil rights complaint, courts may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

and have done so without explanation as to why and for what activities each defendant should be liable upon each count.  The Complaint frequently fails to connect coherently the actions of various Defendants to their causes of action and fails to explain exactly how each defendant is implicated by Plaintiffs' allegations.  Plaintiffs' current pleading "is replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the [defendants] charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of."  *See Magluta*, 256 F.3d at 1284.  Given the number and diversity of the Defendants, and the breadth of the allegations, conclusory accusations of wrongdoing by "Defendants" and vague references to liability on the part "all Defendants" will simply not suffice.  The Court does not believe the Complaint provides Defendants with adequate descriptions as to which of their activities Plaintiffs' consider to have been objectionable, thereby impeding the ability of the Defendants to frame responsive pleadings and prepare defenses.  *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1178-1180 (9th Cir. 1996).  Plaintiffs have left to the Court the task of fishing through the Complaint to reconcile its extensive factual allegations with the various causes of action, an endeavor considerably aggravated by the Complaint's indiscriminate allegation of every cause of action

against every one of the approximately fifty Defendants. The Court declines to undertake such a task. *Id*.

The Court also rejects the Complaint's improper joinder of Defendants and claims. The Court is mindful that "the impulse toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). This impulse, however, does not provide a plaintiff free license to join multiple defendants into a single lawsuit where the claims against the defendants are unrelated. *See, e.g., George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Furthermore, a Plaintiff cannot satisfy the requirements of Rule 20(a) with conclusory allegations of a conspiracy." *Jackson*, 2010 WL 724023, at *3; *see also Robinson v. Johnson*, CIV.A. 3:07CV449, 2009 WL 874530, at *1 n.2 (E.D. Va. Mar. 26, 2009).

Plaintiffs have named approximately fifty individuals as Defendants. Although Plaintiffs allege that a conspiracy existed among the Defendants to deprive the Bennett family of their civil rights, Plaintiffs have not stated any plausible claim for a conspiracy to deprive them of their civil rights. Because Plaintiffs' allegation of a conspiracy "amounts to no more than a legal conclusion, on its face it fails to assert a plausible claim." *Francis v. Giacomelli*, 588 F.3d 186, 197 (4th

16

Cir. 2009) (citing *Iqbal*, 129 S. Ct. at 1950); *Gooden v. Howard Cnty., Md.*, 954 F.2d 960, 969-70 (4th Cir. 1992). In order to satisfy their pleading burden with respect to a conspiracy, Plaintiffs "needed to plead facts that would 'reasonably lead to the inference that [Defendants] positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan.'" *Ruttenberg v. Jones*, 283 F.App'x 121, 132 (4th Cir. 2008) (quoting *Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996). The Complaint's "bare, conclusory allegation[s] that the [D]efendants conspired to violate [Plaintiffs'] constitutional rights" are insufficient." *Id*.

In the absence of a plausible claim of conspiracy, Plaintiffs have failed to articulate a common question of law or fact for all of the named Defendants. *See* Fed. R. Civ. P. 20(a). It is also apparent that Plaintiffs' various causes of action do not arise "out of the same transaction, occurrence, or series of transactions or occurrences." *Id*.

The Court is mindful that a *pro se* litigant's complaint is held to a less stringent standard than formal pleadings drafted by lawyers. However, this consideration does not constitute a license for plaintiffs filing *pro se* to ignore the Federal Rules of Civil Procedure or expect the Court to decide what claims a plaintiff may or may not want to assert. The Court declines to tolerate or endorse this form of pleading

"that largely ignores the letter and the spirit of the Federal Rules of Civil Procedure and does great disservice to the administration of civil justice." *Id* (quoting *Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1332 (11th Cir. 1998). The Court will not make Plaintiffs case for them. Furthermore, the Court believes that the aforementioned pleading deficiencies significantly prejudice Defendants' ability to frame responsive pleadings, formulate proper defenses, and would likely subject the parties to excessive and unnecessary discovery.

As Plaintiffs are *pro se* litigants, and dismissal is too harsh a remedy under the circumstances, the Court directs Plaintiffs to submit a particularized amended complaint that comports to the Federal Rules of Civil Procedure. The body of the particularized complaint must set forth cogently, in separately numbered paragraphs, a short statement of the facts giving rise to claims for relief. Thereafter, in separately captioned sections, Plaintiffs must clearly identify each civil right violated. They should do so with the requisite specificity, so as to give Defendants notice, plead the involvement of each defendant, and clarify what constitutional right has been violated. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987) (quoting *Hobson v. Wilson*, 737 F.2d 1, 29 (D.C. Cir. 1984) *cert. denied Brennan v. Hobson*, 470 U.S. 1084

(1985)). Under each section, Plaintiffs must list each defendant purportedly liable under that legal theory and explain why they believe each defendant is liable to them. Such explanation should reference the numbered factual paragraphs in the body of the particularized compliant that support that assertion. Plaintiffs shall also include a prayer for relief.

Plaintiffs must also thoroughly review the current Complaint and dispense with any defendants who may not be joined pursuant to Rule 20(a). Simply put, "a civil plaintiff may not name more than one defendant in his original or amended complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact." *Garcia v. Munoz*, No. 2:08cv01648, 2008 WL 2064476, at *3 (D.N.J. May 14, 2008) (citing Fed. R. Civ. P. 20(a)(2)).

The particularized pleading will supplant the prior Complaint and must stand or fall of its own accord. Plaintiffs may not reference statements in the prior Complaint.

Plaintiffs are warned that their failure to comply with the Court's instructions may result in dismissal of their action. *See* Fed. R. Civ. P. 41(b). Plaintiffs are also warned that if the particularized amended complaint does not comport with Rule 20(a), the Court will begin its analysis with the first defendant named in the body of the amended complaint, and

subsequently drop every defendant who is not properly joined with that defendant.

## IV. Conclusion

For the foregoing reasons, the Court will order Plaintiffs to file a particularized amended complaint.

An appropriate Order will issue.

|  |  |
|---|---|
| July 24, 2013<br>Alexandria, Virginia | /s/<br>James C. Cacheris<br>UNITED STATES DISTRICT COURT JUDGE |